UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 09-262

JOHN TERRELL MOSELY                         SECTION: R

**ORDER AND REASONS**

Before the Court is petitioner John Mosely's motion to proceed *in forma pauperis* on appeal.[1] For the forgoing reasons, the Court GRANTS Mosely's motion.

I. BACKGROUND

Mosely is presently incarcerated at the Federal Correctional Institution in Beaumont, Texas after his conviction for distribution of crack cocaine, distribution of 5 grams or more of crack cocaine, and distribution of 50 grams or more of crack cocaine.[2] The conduct for which Mosely was charged occurred from July 2008 to April 2009. In 2010, Congress enacted a new statute that reduced the crack-to-powder cocaine disparity from 100-1 to 18-1. Fair Sentencing Act, 124 Stat. 2372. The statute took effect on August 3, 2010. Mosely was sentenced on January 26, 2011, based on the stricter mandatory minimums and Federal Sentencing Guidelines in effect at the time of his illegal

---

[1] R. Doc. 54.

[2] R. Doc. 47.

conduct.[3] Mosely subsequently filed a motion to reduce his sentence based on the Fair Sentencing Act and the corresponding amendments to the Federal Sentencing Guidelines.[4] The motion for reduction was denied on May 23, 2012.[5] Mosely filed an appeal on June 11, 2012, citing the United States Supreme Court's imminent decision regarding the retroactivity of the Fair Sentencing Act.[6] On June 21, 2012, the Supreme Court held that the new, more lenient mandatory minimums and the corresponding amendments to the Federal Sentencing Guidelines apply to offenders who committed a crack offense before the August 3, 2010, but were sentenced after August 3, 2010. *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). He now moves to proceed with his appeal *in forma pauperis*.

**II. STANDARD**

A plaintiff may proceed in an appeal *in forma pauperis* when he "submits an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor."[7] A court may dismiss the case at any time if it determines that "the

---

[3] *Id.*

[4] R. Doc. 49.

[5] R. Doc. 50.

[6] R. Doc. 51.

[7] 28 U.S.C. § 1915(a)(1).

2

allegation of poverty is untrue, that the appeal is frivolous or malicious, that the appeal fails to state a claim on which relief may be granted, or that the appeal seeks monetary relief against a defendant who is immune from such relief.[8] A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*.[9] The district court must inquire as to whether the costs of appeal would cause an undue financial hardship.[10]

## III. DISCUSSION

Mosely's motion to proceed *in forma pauperis* indicates that his current inmate account balance is $13.16, and his average monthly deposits for the preceding six months are $21.12. Mosely

---

[8] *Id.* § 1915(e).

[9] *See Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam); *see also Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) ("A district court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship.").

[10] *Prows*, 842 F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch*, No. 08-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

indicates that he has no other assets and does not receive any income.

Mosely's motion to proceed *in forma pauperis* establishes his inability to pay fees related to his appeal. He has also indicated to the Court the issue he intends to pursue on appeal. The appeal states a claim on which relief may be granted and does not appear to be frivolous.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS petitioner's motion to proceed *in forma pauperis* on appeal.

New Orleans, Louisiana, this 4th day of September, 2012.

_____Sarah Vance_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE