UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                         NO. 09-262

JOHN TERRELL MOSELY                       SECTION "R" (3)


**ORDER AND REASONS**

The Court has received defendant John Terrell Mosely's motion for compassionate release.[1] The government opposes the motion.[2] Because defendant has not shown that he meets the requirements for compassionate release, the Court denies the motion.

**I.   BACKGROUND**

Defendant John Terrell Mosely was charged in a five-count indictment with distribution of cocaine base.[3] Mosely pleaded guilty to all counts.[4] On January 26, 2011, the Court sentenced Mosely to 104 months' imprisonment.[5] Mosely later moved to reduce his sentence pursuant to 18

---

[1]   R. Doc. 100.
[2]   R. Doc. 102.
[3]   *See* R. Doc. 1.
[4]   R. Doc. 39 (minute entry); R. Doc. 36 (factual basis).
[5]   R. Doc. 47 at 2.

U.S.C. § 3582(c)(2), and the Court granted his motion.[6] Mosely was released from prison to begin his term of supervised release in 2016.[7]

While on supervised release, Mosely was arrested in Terrebonne Parish and charged with possession with intent to distribute marijuana.[8] Defendant pleaded guilty to the charge in Louisiana state court. The Court revoked Mosely's supervised release on June 5, 2019 and sentenced him to thirty-six months' imprisonment.[9]

Mosely now seeks "early release or a early home confinement . . . due to the pandemic of COVID-19."[10] Defendant states that his grandmother is in her late eighties, and he "normally care[s] for her when [he] is free."[11] Defendant also represents that he has high blood pressure, for which he takes medication including losartan potassium and hydrochlorothiazide.[12] Defendant further states that he wrote to the warden but "never received a response after 40 days."[13] Defendant also filed his letter to the warden into

---

[6] R. Docs. 60, 63.
[7] R. Doc. 93 at 1.
[8] *Id.* at 2; R. Doc. 78 at 2 ¶ III.
[9] R. Doc. 98.
[10] R. Doc. 100.
[11] *Id.* at 1.
[12] *Id.*
[13] *Id.*

the record, which is dated May 8, 2020.[14]  Defendant is incarcerated at USP Beaumont in Texas, and has an expected release date of July 22, 2021.[15]

## II. DISCUSSION

As an initial matter, Mosely exhausted his administrative remedies before bringing this motion.  The statute provides that a district court may grant compassionate release only if the defendant files the motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or, relevant here, after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  Mosely represents that he "wrote to the warden but never received a response after 40 days."[16]  Moreover, he has filed his request to the warden for compassionate release into the record, and it is dated May 8, 2020.[17] And the government concedes that "[b]ased on the information obtained from BOP, undersigned counsel understands that, as of June 15,

---

[14]  *See* R. Doc. 103 at 4.
[15]  *See Inmate Locator, Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited June 18, 2020).
[16]  R. Doc. 100 at 1.
[17]  *See* R. Doc. 103 at 4.

3

2020, there had not been a response to Mosely's request."[18]  The Court therefore addresses Mosely's motion on the merits.

Mosely has not, however, demonstrated that he satisfies the requirements for compassionate release.  For courts to grant this relief, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The application notes to the relevant policy statement identify three discrete "extraordinary and compelling reasons" that could warrant a reduction:  a "terminal illness" or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) "[a]ge"—starting at age 65; and (c) "[f]amily [c]ircumstances."  *See* U.S.S.G. § 1B1.13, application note 1 (emphasis removed).  The Guidelines also identify a category of "[o]ther [r]easons," but state that such reasons are "[a]s determined by the Director of the Bureau of Prisons."  *See id.* § 1B1.13, application note 1(D) (emphasis removed).

Mosely is thirty-five years old[19] and does not identify a medical condition that justifies release.  Although defendant asserts (without

---

18   R. Doc. 102 at 2.
19   R. Doc. 98 at 1.

4

supporting documentation) that he has high-blood pressure, there is no indication that this condition is severe, or that it is not under control with the prescription medication he is taking.  Moreover, defendant has not shown that his illness rises to the level of a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility."  U.S.S.G. § 1B1.13, application note 1(A).  Defendant's medical condition therefore does not rise to the level of an "extraordinary and compelling reason" meriting release.

Mosely also states that his grandmother is in her late eighties and that he takes care of her when he is not imprisoned.  But the application note to the policy statement describes the family circumstances justifying release only as "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."  U.S.S.G. § 1B1.13, application note 1(C).  Neither of these family circumstances is present here.  Defendant's family situation therefore does not rise to the level of an "extraordinary and compelling reason" meriting release.

Finally, defendant alternatively requests that the Court grant him "early home confinement."[20] Insofar as Mosely asks the Court to designate the place of his confinement, the Court cannot order that relief. Rather, the decision to order home confinement rests solely with the Bureau of Prisons. *See* 18 U.S.C. § 3621(b) (providing that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment" and that "a designation of a place of imprisonment . . . is not reviewable by any court"); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("[M]any cases have addressed the authority of a judge to specify the place of incarceration[,]" and "[t]hese cases hold that a court may recommend that a sentence . . . be served in a particular prison or jail, but that only the Bureau of Prisons has the actual authority to designate the place of incarceration.").

## III. CONCLUSION

For the foregoing reasons, defendant's motion for compassionate release is DENIED.

New Orleans, Louisiana, this __22nd__ day of June, 2020.

        *Sarah Vance*
        SARAH S. VANCE
      UNITED STATES DISTRICT JUDGE

---

[20]  *See* R. Doc. 382 at 1.